## Buchanan *against* Wurtz.

Although the consideration of a bond ultimately proves to have failed, yet if an assignee takes it at the instance of the obligor, he gains an equity sufficient to enable him to recover.

But where the obligor, *after* the assignment, merely expresses his satisfaction, but makes no promise, and there is no proof that he prevented the assignee from indemnifying himself, the latter cannot recover on the bond if the consideration afterwards proves to have failed.

ERROR to the common pleas of *Huntingdon* county.

Debt on a note under seal by Henry Denlinger for the use of James Buchanan against Jacob Wurtz.

The note upon which the action was brought was given by Wurtz to Denlinger, in consideration of the sale of a tract of land by the latter to the former. Denlinger transferred the note to Buchanan, for a valuable consideration. After the transfer, Buchanan informed Wurtz of it, who expressed his satisfaction that he had bought it, and expressed his wish that he should not part with it; that he would as soon pay the money to him as to any one else. At another time Wurtz called on Buchanan to exchange him another note for it, at a longer date, but did not make the arrangement. A few days before the note became due, Wurtz said he would be ready to pay it. But before the day of payment arrived, Wurtz discovered that there were incumbrances upon the land he purchased from Denlinger, to an amount greater than that of the purchase money due, and refused to pay the note. The question in the cause was, whether the plaintiff, Buchanan, was entitled to recover upon the evidence of the circumstances which occurred between him and Wurtz, after he procured the transfer of the note. The court below (Burnside, President) was of opinion that the plaintiff was not entitled to recover, and so instructed the jury, who found a verdict accordingly.

*A. P. Wilson* and *Potter*, for plaintiff in error, cited M'Mullen *v.* Wenner, 16 *Serg. & Rawle* 20; Decker *v.* Eisenhaucr, 1 *Penns. Rep.* 476.

*Bell* and *Miles*, contra.

PER CURIAM.—It is not pretended that the assignor could have recovered with the incumbrances standing on the land; and it is to be determined whether his assignee stands on better ground. Had he taken the bonds at the instance of the obligor, he would have gained a countervailing equity sufficiently powerful to let the law have its course; but neither is that pretended. The whole of the assignee's case is, that the obligor told him he was glad he had taken

[Buchanan v. Wurtz.]

a transfer of the bonds; that he wished the assignee to retain them; and that he would as soon pay to him as to another. There was no promise; and if there had been it would not have been an available one without a consideration. The argument is, that the assignee may have been diverted from seeking indemnity of the assignor, or from putting off the bonds to another. An obvious answer is, there is no proof that the fact was actually so; and a party is not to have practical relief for a theoretic equity. It being thus ascertained that the obligor's defence is an impregnable one, a decision of the other errors is unasked.

Judgment affirmed.